UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MANDY SINGLETON, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No. |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| GLOCK, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Mandy Singleton ("Plaintiff" or "Ms. Singleton") files this Complaint for Equitable Relief and Damages against Glock, Inc. ("Defendant" or "Glock") showing the Court as follows:

### INTRODUCTION

1. Ms. Singleton was employed as a temporary employee for Glock Inc. Ms. Singleton disclosed Americans with Disabilities Act covered mental health impairments to her supervisor and, after doing so, was subjected to a hostile work environment, denied permanent employment, and terminated because of her disabilities.

2. Ms. Singleton asserts claims for discrimination and retaliation under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.* ("ADA") and

seeks equitable relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, compensatory damages, punitive damages, and attorney's fees and costs of litigation.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant Glock conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Ms. Singleton filed a charge discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

6. Ms. Singleton received a Determination and Notice of Rights from the EEOC relating to her charge of discrimination, charge number 410-2021-06125.

7. Ms. Singleton brings this suit within ninety (90) days of the receipt of her Determination and Notice of Rights.

## THE PARTIES

8. Ms. Singleton is a citizen of the United States, a resident of the State of Georgia, and submits herself to the jurisdiction of this Court.

9. Ms. Singleton is and, at all times relevant hereto, was an individual with a disability as the term is defined by 42 U.S.C. § 12102(1).

10. Ms. Singleton is a person with a disability because she had actual impairments arising from her mental health issues – including Attention Deficit/Hyperactivity Disorder, Borderline Personality Disorder, Post Traumatic Stress Disorder, Major Depressive Disorder, Anxiety Disorder, Agoraphobia, and Panic Disorder, she has a record of impairment, and because Defendant regarded her as having an impairment.

11. Ms. Singleton is capable of performing the essential functions of her job as a machine operator with a reasonable accommodation.

12. Glock is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

13. Glock is subject to this Court's jurisdiction and may be served with process by serving Carlos Guevara c/o 6000 Highlands Pkwy., Attn: Legal Dept.,

Smyrna, GA  30082

## STATEMENT OF FACTS

14. Ms. Singleton was hired as a temporary employee at Glock Inc. though Hire Dynamics on August 20, 2020, to perform the Assembler job.

15. In December 2020, Ms. Singleton was transferred to the Polymer Machine Department as a Polymer Machine Operator, reporting to Gary Washington, 3rd shift supervisor.

16. Mr. Washington praised Ms. Singleton's performance during her employment with Glock.

17. Ms. Singleton informed Mr. Washington that she suffered from a nervous breakdown and Anxiety Disorder when he repeatedly and routinely made fun of her for fidgeting.

18. Following her disclosure of her mental health impairments, Mr. Washington continued to mock Ms. Singleton's fidgeting and made derogatory comments including that her mental health issues were "all in [Ms. Singleton's] head."

19. Mr. Washington used Ms. Singleton's disability as an excuse to deny her permanent employment with Glock while permanently hiring a non-disabled temporary employee Terrance Atarah, who himself had attendance issues regularly

missing one day of work a week.

20. On May 25, 2021, Ms. Singleton was hospitalized for her disability and throughout her hospitalization her husband communicated with Mr. Washington that she was hospitalized.

21. On June 2, 2021, Derek Todd with Hire Dynamics told Ms. Singleton that Glock terminated her employment based on the false excuse that she had abandoned her job and was a no call/no show.

22. After Ms. Singleton's termination, she spoke with Mr. Washington, and he told her that she did not need to be working nights because her brain needed to rest.

### COUNT I
### VIOLATION OF ADA – REGARDED AS DISABLED

23. Ms. Singleton incorporates by reference all the preceding paragraphs of the Complaint.

24. At all times relevant hereto, Glock was subject to the requirements of Title I of the Americans with Disabilities Act as amended.

25. At all times relevant hereto, Ms. Singleton was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102 (1)(C), because Glock regarded her as a person with an impairment as defined by the Act.

26. Moreover, at all times relevant hereto, Ms. Singleton has been a

5

qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of her job.

27. Glock's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

28. Specifically, Ms. Singleton discussed her disability with her supervisor, Gary Washington, and after doing so, Mr. Washington mocked her, made derogatory comments to her, denied her permanent employment with Glock, terminated her employment based on pretextual reasons, and told Ms. Singleton that with all of her disorders she should not be working nights because her "brain needed rest."

29. On Tuesday, May 25, 2021, Ms. Singleton's husband, Andrew Singleton sent a text message to Mr. Washington advising him that due to his wife's struggles with mental illness, Ms. Singleton was being evaluated at Ridgeview Hospital and may be admitted.

30. On Wednesday, May 26, 2021, Mr. Singleton sent a follow up text to Mr. Washington advising him that Ms. Singleton had been admitted to Ridgeview Hospital.

31. On Friday, May 28, 2021, April Whitted, Glock's HR generalist, sent an email to Derek Todd, Hire Dynamics Operations Supervisor Derek Todd, Glock Recruitment Supervisor Verlicia Carroll, and Glock's HR Assistant Ariana Barreca

falsely stating that Ms. Singleton as a "no call no show starting Wednesday night."

32.  On Sunday, May 30, 2021, Mr. Singleton sent another text update to Mr. Washington advising that Ms. Singleton was still in the hospital.

33.  On June 2, 2021, Derek Todd with Hire Dynamics told Ms. Singleton that Glock terminated her employment based on the false excuse that she had abandoned her job and was a no call/no show.

34.  As a direct and proximate result of Glock's intentional discrimination, Ms. Singleton has suffered out-of-pocket losses and has been deprived of job-related economic benefits, including income in the form of wages, all in an amount to be established at trial.

35.  Ms. Singleton is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

36.  Glock's actions have also caused and continue to cause Ms. Singleton to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

37.  Accordingly, Ms. Singleton is entitled to equitable and monetary relief for Defendant's violation of her rights under the ADA.

## COUNT II
### ACTUAL DISCRIMINATION, FAILURE TO ACCOMMODATE, HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE ADA

38.     Ms. Singleton incorporates by reference all the preceding paragraphs of the Complaint.

39.     At all times relevant to this action, Defendant Glock was subject to the requirements of the ADA.

40.     At all times relevant to this action, Ms. Singleton was an individual with a disability as defined by the ADA, specifically 42 U.S.C. § 12102(1).

41.     Ms. Singleton was a qualified individual with a disability as defined by the ADA, 42 U.S.C. § 12111(8), and was able to perform the essential functions of her job.

42.     Ms. Singleton had a record of disability as defined by the ADA.

43.     Ms. Singleton's disabilities substantially limited one or more major life activities.

44.     Defendant was aware of Ms. Singleton's disabilities.

45.     Ms. Singleton requested a reasonable accommodation from the Defendant – medical leave of a definite duration from May 25, 2021 through June 2, 2021 – relating to her disabilities.

46. Defendant terminated Ms. Singleton's employment while she was exercising her right to a reasonable accommodation.

47. Following Glock's failure to permanently hire Ms. Singleton and termination of her employment, her supervisor, Mr. Washington, told her that with her disorders she should not work third shift because her "brain needed rest."

48. Mr. Washington also routinely mocked Ms. Singleton because of her disabilities.

49. Defendant failed to permanently employ Ms. Singleton and terminated her because of her disabilities and her accompanying accommodation.

50. Defendant's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

51. As a direct and proximate result of Defendant's intentional discrimination, Ms. Singleton has suffered out-of-pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including retirement benefits, all in an amount to be established at trial.

52. Ms. Singleton is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages,

attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

53. Defendant's actions have also caused, continue to cause, and will cause Ms. Singleton to suffer damages for emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

54. Accordingly, Ms. Singleton is entitled to equitable and monetary relief for Defendant's violation of her rights under the ADA.

## COUNT III
### RETALIATION UNDER THE ADA

55. Ms. Singleton incorporates by reference all the preceding paragraphs of the Complaint.

56. At all times relevant hereto, Glock has been subject to the requirements of Title I of the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act.

57. At all times relevant hereto, Ms. Singleton was an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

58. Ms. Singleton engaged in protected activity when she took medical leave of a definite duration as a reasonable accommodation for her disabilities.

59. Defendant retaliated against Ms. Singleton by terminating her employment rather than returning her to work after her reasonable accommodation – her medical leave for in-patient treatment.

60. Defendant's actions violated the ADA which prohibits retaliation for requesting reasonable accommodations.

61. As a direct and proximate result of Defendant's intentional retaliation, Ms. Singleton has suffered out-of-pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including retirement benefits, all in an amount to be established at trial.

62. Ms. Singleton is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

63. Defendant's actions have also caused, continue to cause, and will cause Ms. Singleton to suffer damages for emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

64. Accordingly, Ms. Singleton is entitled to equitable and monetary relief for Defendant's violation of her rights under the ADA.

## **PRAYER FOR RELIEF**

Wherefore Plaintiff Mandy Singleton demands a TRIAL BY JURY and that the following relief be granted:

(a) Grant to Ms. Singleton judgment in her favor and against Glock, Inc. under all counts of this Complaint;

(b) Order Defendant Glock to make Ms. Singleton whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Glock's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(c) Order Glock to reinstate Ms. Singleton or, in the alternative, award her front pay;

(d) Order Glock to compensate Ms. Singleton for mental and emotional damages suffered as a result of Glock's unlawful and discriminatory acts;

(e) Order Glock to pay punitive damages;

(f) Grant to Ms. Singleton a jury trial on all issues so triable;

(g) Grant to Ms. Singleton her reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action; and

(h) Grant to Ms. Singleton such additional monetary and equitable relief as the Court deems proper and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 31st day of October 2022.

LEGARE, ATTWOOD & WOLFE, LLC

**Cheryl B. Legare**
Georgia Bar No. 038553
cblegare@law-llc.com

125 Clairemont Ave, Suite 380
Decatur, GA 30030
Tel: (470) 823-4000
Fax: (470) 201-1212

Counsel for Plaintiff